OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State of Ohio, Appellee v. Harman, Appellant.
[Cite as State v. Harman (1993),      Ohio St.3d     .]
Prohibition -- Writ will not issue to prohibit trial court from
     rehearing voluntary manslaughter conviction reversed on
     appeal for denial of right to confront witnesses and
     remanded for a new trial, when.
     (No. 92-1112 - - Submitted May 18, 1993 - -
     Decided August 4, 1993.)
     Appeal from the Court of Appeals for Mahoning County, No.
89 C.A. 105.
     Appellant, Donald A. Harman, was convicted of voluntary
manslaughter.  He appealed to the Court of Appeals for Mahoning
County.  That court reversed the conviction and remanded the
case for a new trial.  Appellant then filed a "petition" for a
writ of prohibition in the court of appeals under the same case
number, attempting to prohibit the trial court from rehearing
the case.  He contended that the court of appeals reversed the
conviction for insufficient evidence and that retrial is barred
by the Double Jeopardy Clause of the Fifth Amendment.
     The court of appeals held that its reversal was not based
on insufficiency of the evidence and denied the writ.  The
cause is before this court upon an appeal as of right.

     James A. Philomena, Mahoning County Prosecuting Attorney,
and Kathi McNabb Welsh, Assistant Prosecuting Attorney, for
appellee.
     Stuart J. Banks, for appellant.

     Per Curiam.  On appeal the parties have filed memoranda
supporting and opposing jurisdiction.  Since this is an appeal
as of right under Section 2(B)(2)(a)(i), Article IV, Ohio
Constitution, such memoranda are unnecessary.  We treat them as
briefs on the merits.
     Reviewing the decision of the court of appeals on appeal
from the conviction, we find that the judge writing the
"majority" opinion voted to reverse for denial of the right to
confront witnesses and insufficiency of the evidence, one judge
concurred only on the confrontation issue, and one judge

dissented from the majority opinion, but concurred in the concurring opinion.  Therefore, appellant's conviction was reversed for denial of the right to confront witnesses and not for insufficiency of the evidence.  Accordingly, the Double Jeopardy Clause is not implicated pursuant to Burks v. United States (1978), 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, and the court of appeals correctly denied the writ.

The judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.